## COOK v. FRASER.

1. Witnesses—Matters Equally Within Knowledge of Deceased —Gifts Inter Vivos.

In suit by daughter of decedent by his first wife against his widow to require latter to inventory certain securities as a part of his estate which defendant claims were given her by decedent during his lifetime, her own testimony of his statements to her to that effect were properly excluded, upon objection, as being equally within the knowledge of deceased (3 Comp. Laws 1929, § 14219).

2. Gifts—Inter Vivos—Evidence.

Widow of decedent who claimed he had given her certain securities prior to his death *held*, to have established gift *inter vivos* thereof, notwithstanding he continued to exercise a measure of control over them by making exchanges, accepting dividends, and conducting correspondence with reference thereto, where evidence clearly shows an actual delivery and possession and control by the wife during his lifetime and there is no suggestion of fraud or undue influence.

3. Same—Inter Vivos—Delivery—Evidence—Fraud—Undue Influence.

Very slight evidence will suffice to establish delivery of a gift *inter vivos* where there is no suggestion of fraud or undue influence.

4. SAME—INTER VIVOS—ASSIGNMENTS.

   A valid gift of securities *inter vivos* may be effective without a written assignment.

5. APPEAL AND ERROR—FINDINGS OF TRIAL COURT IN CHANCERY CASE —POSITIVE TESTIMONY.

   While chancery cases are heard *de novo* by the Supreme Court and it is reluctant to disturb findings of the trial court, positive testimony may be sufficient to require a reversal.

Appeal from St. Clair; George (Fred W.), J. Submitted April 9, 1941. (Docket No. 36, Calendar No. 41,475.) Decided June 30, 1941. Rehearing denied September 2, 1941.

Bill by Ethel Cook against Isabelle Fraser, individually and as administratrix of the estate of Donald A. Fraser, to compel the inclusion of certain securities as part of the estate. Decree for plaintiff. Defendant appeals. Reversed.

*Benedict & Benedict,* for plaintiff.

*J. Frank Wilson,* for defendant.

BOYLES, J. Defendant (appellant) Isabelle Fraser claims ownership of certain bonds, stocks and other securities by virtue of a gift *inter vivos* from her husband, Donald A. Fraser. The plaintiff herein is the daughter and only other heir-at-law of Donald A. Fraser now deceased, and files this bill in chancery seeking to compel Isabelle Fraser to turn these securities into the estate and inventory them as a part of the assets; to enjoin her from otherwise disposing of them; and for an accounting of the income therefrom. The only question in the case is, whether there was a gift *inter vivos.* The circuit judge who heard the case held that Isabelle Fraser had not proved ownership by a gift *inter vivos,* and Isabelle Fraser appeals.

Isabelle Fraser was married to Donald A. Fraser sometime during the year 1930. At that time he was the owner of a considerable number of first mortgage bonds, trust certificates, depository receipts, and stock certificates in a Detroit mortgage bonding company. These are referred to in the testimony as his "Detroit holdings." Appellant attempted to prove by her own testimony that these securities were given to her by her husband and to show statements made to her by him to that effect. On objection, this was properly excluded as being equally within the knowledge of the deceased.* *Shepard* v. *Shepard,* 164 Mich. 183. However, except for some minor discrepancies shown on cross-examination, the record discloses the following facts: Shortly after his marriage in 1930, Fraser told his wife's brother-in-law, Carroll Smith, that he (Fraser) had given his Detroit holdings, bonds and stocks, to his wife Bell. Fraser pointed out to the brother-in-law certain properties in Detroit, mentioning several properties by name, stating he had given them to his wife. These are included in the first mortgage bonds now claimed by her. On various occasions Fraser discussed the Detroit holdings with the brother-in-law, referring to them as belonging to his wife. Another witness (Mrs. Fraser's niece) testified she had been present on numerous occasions when he discussed his Detroit holdings and that he frequently stated that he had given them to his wife or that they belonged to her. In fact, the circuit judge in his opinion indicated a belief that this testimony was "greatly over emphasized," assigning this as one reason for disregarding it. Most of this repetition, however, was brought out in direct answers on cross-examina-

* See 3 Comp. Laws 1929, § 14219 (Stat. Ann. § 27.914.—Reporter.

tion and was not volunteer testimony by these witnesses. A disinterested witness, not related to the parties, testified that in May, 1935, she tried to sell Donald A. Fraser a bond, about two months before he died; that she and Fraser conversed together in a room in his house, that when he refused she asked him to buy the bond for his wife, that he left the room, came back with a package—a Manila envelope —handed it to her and said ''These are Bell's,'' that ''she did not need any more,'' and gave this reason for not buying the bond; that Fraser told her to look at the contents, that she untied the package and did so. She then returned the securities to the envelope and tied it up. She testified that when Isabelle Fraser came into the room Fraser handed the package to his wife, saying ''Put your things where they belong.'' She further testified that Mrs. Fraser took the package into another room where this witness saw her put it into a safe. Fraser died about two months later; the envelope and securities were in the safe at the time of his death, since which time they have been in the possession of Mrs. Fraser. This is the package and contents (bonds, stocks, et cetera) that appellant now claims were given to her by her husband during his lifetime.

Plaintiff introduced testimony showing that Fraser continued to exercise a measure of control over the securities from the time of his marriage until as late as the month of December, 1934. During that period Fraser exchanged some of the bonds for trust certificates and deposit receipts, accepted payment of dividends, and corresponded generally with the mortgage company regarding these securities. If the proofs were confined to showing a claimed gift *inter vivos* previous to 1935, this continued exercise of possession and control might

negative the gift. However, it is undisputed that four or five months after the last of these transactions and about two months before his death Fraser actually delivered the package containing the securities to his wife, referred to them at that time as her property, and asked her to take care of them. To a certain extent Mrs. Fraser continued in possession and control until the death of her husband. They were in the safe in their home at the time of his death, Mrs. Fraser had access to them, and since his death has continued possession and control. There was an actual delivery in May, 1935, and this, coupled with the other circumstances, sufficiently establishes a gift *inter vivos*. Where there is no suggestion of fraud or undue influence, very slight evidence will suffice to establish delivery of a gift *inter vivos*. *Love* v. *Francis,* 63 Mich. 181 (6 Am. St. Rep. 290).

The record does not disclose to what extent these securities were payable to bearer or transferable by delivery and plaintiff claims that the lack of evidence of a written assignment or transfer negatives the gift. However, a valid gift of securities *inter vivos* may be effective without a written assignment. *Hoyt* v. *Gillen,* 181 Mich. 509 (Ann. Cas. 1916 C, 812). Plaintiff also claims that Fraser's continued exercise of possession and control over the securities likewise negatives the gift. However, Fraser himself exercised no control over the securities after the final delivery to his wife two months before his death except to receive certain dividend payments on June 24th. This did not render the delivery of the gift ineffectual. *Ford* v. *Ford,* 270 Mich. 487.

Chancery cases are heard *de novo* by this court and while we are reluctant to disturb the findings of the trial court we must hold that the positive testimony in this case establishes a gift *inter vivos*.

Reversed for entry of a decree for appellant Isabelle Fraser in accordance herewith, with costs.

SHARPE, C. J., and BUSHNELL, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred. McALLISTER, J., took no part in this decision.